IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BRETT STALLINGS, 17370-047,**

    **Petitioner,**

    **vs.**                                                **CIVIL NO. 12-cv-1097-DRH**

**JAMES CROSS, JR.,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This case is before the Court on petitioner's writ of habeas corpus, filed on October 15, 2012. Petitioner, an inmate in the Federal Correctional Institution in Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the sentence imposed in November 2004, after his conviction in this Court. After a jury trial, petitioner was convicted of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). Because he had three prior qualifying offenses, he was sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1), to 188 months. His conviction was affirmed on direct appeal, *United States v. Stallings*, 160 Fed. App'x 478 (7th Cir. 2005).

    Petitioner then filed a habeas petition under 28 U.S.C. § 2255, *Stallings v. United States,* No. 06-cv-136-WDS. He raised several claims, including that his counsel was deficient for failing to raise the issue that he should not have been

sentenced as an armed career criminal. This Court dismissed that habeas petition, and petitioner appealed. As part of that appeal, he attempted to raise the claim that a prior burglary conviction was not a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). In denying petitioner's request to expand the scope of his appeal, the Court of Appeals noted that petitioner's claim was frivolous, finding that "[t]he indictment and judgment for that conviction reveal that Mr. Stallings burglarized a structure, and burglary of a structure is per se a 'violent felony.'" *Stallings v. United States,* 526 F.3d 624, 626 n.1 (7th Cir. 2008); see § 924(e)(2)(B)(ii). The matter was remanded on other grounds for a determination as to whether the 188-month sentence would have been the same if the district court had viewed the sentencing guidelines as advisory rather than mandatory; upon remand the district court confirmed the sentence would not have changed.

Petitioner next sought to bring his challenge to the armed career criminal enhancement in a § 2241 petition, filed on May 18, 2012, *Stallings v. Cross*, No. 12-cv-643-DRH. He argued that his sentence should not have been enhanced, because the burglary offense on which it was based had been dismissed. On August 9, 2012 (Doc. 5 in No. 12-cv-643-DRH), the undersigned Chief Judge dismissed that petition on preliminary review, finding that petitioner's argument had been specifically addressed by this Court in the § 2255 habeas proceeding (*Stallings v. United States*, No. 06-cv-136-WDS). Review of the record showed that the sentence enhancement was based on the "Wayne" burglary, and not on

the "Bailey" burglary (which had been dismissed). *See* Doc. 52, n.1 in *Stallings v. United States*, No. 06-cv-136-WDS; Doc. 5, n.2 in *Stallings v. Cross*, No. 12-cv-643-DRH. Furthermore, petitioner's appeal from the denial of his § 2255 motion was found to be frivolous, which alone was grounds for dismissal of the § 2241 petition (Doc. 66 in No. 06-cv-136-WDS). Finally, petitioner made no showing that he had a non-frivolous claim of actual innocence that could not have been brought in a § 2255 proceeding (Doc. 5 in No. 12-cv-643-DRH).

After dismissal of the § 2241 petition in No. 12-cv-643-DRH, petitioner filed a motion to alter or amend judgment, which was denied on September 27, 2012 (Doc. 8 in No. 12-cv-643-DRH). Petitioner did not appeal the dismissal of that case, and instead filed the instant § 2241 petition.

In the case at bar, petitioner again argues that he had only two prior qualifying felonies, not three, thus his enhanced armed career criminal sentencing was improper. He asserts that this Court erred in finding that the exact issue raised in No. 12-cv-643-DRH had been addressed in No. 06-cv-136-WDS, because his prior arguments had been based on his belief that the Bailey (dismissed) burglary was the basis for the sentence enhancement. Because the Court only clarified in an order of November 2, 2011, that the Wayne burglary was the third offense that provided grounds for the ACCA sentence, he claims he should now be able to challenge the sentence by attacking the Wayne burglary. According to petitioner, under *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009), the Wayne burglary should not have been used to enhance his 2004 sentence, because

his civil rights had been restored after he completed the sentence on the Wayne burglary. Because the *Buchmeier* decision post-dated petitioner's § 2255 motion, he claims he could not have brought this argument in that proceeding.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

The current petition is subject to dismissal based on the fact that it re-asserts grounds which were previously dismissed with prejudice in Case No. 12-cv-643-DRH, and from which petitioner failed to take an appeal. The judgment in 12-cv-643-DRH has now become final.

In addition, the Seventh Circuit recently reiterated the rule that a § 2241 petition can only be used to attack a conviction or sentence when the § 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention." *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted); 28 U.S.C. § 2255(e).[1] " 'Inadequate or ineffective' means that 'a

---

[1] *Brown v. Rios*, 2012 WL 3554093 (7th Cir., Aug. 21, 2012), relied upon by petitioner, was decided one day before *Hill*. *Brown*, while confirming that certain ACCA claims may be cognizable in a § 2241 proceeding, does not support petitioner's claim. The petitioner in *Brown* demonstrated that § 2255 was inadequate to address his actual innocence

legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.' " *Hill*, 695 F.3d at 648 (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)). The argument that a prior conviction on which petitioner's civil rights had been restored should not have been used to enhance his sentence could have been raised in the original § 2255 motion; *Buchmeier* was by no means the first reported case to present that theory. *See Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001) (prisoner obtained reversal of sentence based on restoration of civil rights on a prior conviction, but could not bring successive § 2255 motion raising alternative challenge to his sentencing enhancement where that challenge could have been raised in earlier proceeding). A § 2255 proceeding will be considered inadequate only if prior binding precedent had foreclosed petitioner from bringing the argument in a § 2255 motion. *Hill*, 695 F.3d at 648-49 (citing *Morales v. Bezy*, 499 F.3d 668 (7th Cir. 2007). That is not the case here. Therefore, petitioner cannot use § 2241 as a vehicle for bringing his civil rights restoration claim.

To summarize, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claim, and consistent with *In re Davenport*, Petitioner cannot raise this claim through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with

---

claim that his convictions for compelling prostitution, and armed violence based on drug possession, were not "crimes of violence" within the meaning of the ACCA following the Supreme Court decisions in *Begay v. United States*, 553 U.S. 137 (2008).

prejudice.

  **IT IS SO ORDERED.**

  **DATED: November 6, 2012**

Digitally signed by
David R. Herndon
Date: 2012.11.06
11:32:52 -06'00'

      **CHIEF JUDGE**
      **UNITED STATES DISTRICT COURT**